Estate of Patterson: Hinds, Appellant, vs. Caldow, Administrator, and others, Respondents.

*March 6—April 1, 1930.*

The cause was submitted for the appellant on the briefs of *Andrews & Lindsay* of Lodi, and on that of *Groto-phorst, Quale & Langer* of Baraboo for the respondent W. A. Caldow, administrator, and of *David Bogue* of Portage, guardian *ad litem* for La Verne Patterson, minor, and attorney for the respondent Patterson heirs.

ROSENBERRY, C. J. No question is raised in the case but that the debt was one justly owing from the deceased to the claimant, nor is there any intimation or claim or suggestion that it has ever been discharged. It appears in all respects to be a just and proper claim. It is equally ap-

parent that unless the deceased paid to the claimant $500 on July 6, 1918, the claim is barred by the statute of limitations. So that the sole question presented by the record is whether or not the finding of the trial court is against the great weight and clear preponderance of the evidence. A great deal of extraneous matter was brought out on the last trial, which, so far as we can see, has no bearing whatever upon the question of whether or not payment was in fact made, and has very little if any bearing upon the credibility of witnesses. Claimant was at the time of the last trial a man over eighty years of age, and it is apparent that due to extreme age and feeble physical health he became confused, but it is equally apparent that he endeavored as best he could to testify to the facts as he understood them. Some question was raised as to the admissibility of the deposition of Mrs. Hinds taken at Baraboo. The court admitted it, and we think properly. A good deal of the testimony related to book entries made by the claimant in a book which was in the nature of a register of investments. We know of no ground upon which these entries in this book were admissible. It contained nothing that amounted to an admission by claimant against interest. It was not an account between the claimant and the deceased. It was a memorandum kept by claimant solely for his own use.

The testimony which tends to support claimant's position is practically uncontradicted. There was an effort on the part of the estate to show that on the day in question Bert Patterson was at home. This testimony was given by a man then in his employ, by his wife and members of his family, and quite apparently was supported by a memorandum in a diary kept by Mrs. Patterson. The diary began with Monday, January 1, 1917. The first of January, 1917, was Monday. It continues without any other indication as to year down to the 3d of July, after which appears the figures "1918." July 8th is indicated, however, as Sunday.

July 8, 1918, was Monday. The diary contains an entry under date of the 8th (Sunday) of the death of Carlos Gluth, and it was established by other evidence that he died on July 8, 1917, so that from internal evidence as well as external evidence the entry of "1918" after "3d of July" in the diary was at least erroneous. The other witnesses are unable to fix the time, so that the entries, instead of disproving, tend rather to support the claimant's position, but they have no direct bearing upon it. The note was offered and received in evidence with its indorsements.

Sec. 330.46, Stats., is as follows:

"Nothing contained in sections 330.42 to 330.45 shall alter, take away or lessen the effect of a payment of any principal or interest made by any person, but no indorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange or other writing, by or on behalf of the party to whom such payment shall be made or purport to be made, shall be deemed sufficient proof of the payment so as to take the case out of the operation of the provisions of this chapter."

The burden rests upon the claimant to establish by evidence *aliunde* the fact of payment. The trial court correctly ruled that, as to transactions with the deceased, the claimant was an incompetent witness.

Mrs. Hinds testified that she was the wife of the claimant; that she knew Bert Patterson; that she and her husband started on a trip East on the 10th day of July, 1918; that three or four days before they left on this trip Patterson came to the home of the Hinds in Lodi; that Patterson there in her presence paid to her husband $500 in money; that she was unable to say whether it was all bills or not, but it was in money; that she further testified that she saw her husband indorse the amount of payment upon the note; that he then exhibited the note to Patterson; that Patterson examined it and said that it was all right. It further appears that she had no interest whatever in the payment such

as would disqualify her as a witness. It should be said also at this point that Mrs. Hinds testified that he kept out $100 on account of the expenses of the trip East and deposited the remainder. It appears by the testimony of the cashier of the Lodi State Bank, who is also the administrator and in which bank the claimant kept his bank account, that on July 6, 1918, Mr. Hinds deposited $400 in cash.

The claimant was permitted to testify that on July 6, 1918, the deceased, Bert Patterson, owed him no other moneys than that due him upon this note. It is contended that that testimony is inadmissible. We do not find it necessary to determine this question. Mrs. Hinds testified that there was exhibited to Patterson a note upon which there was indorsed a $500 payment. While under the statute the indorsement is not sufficient to prove the payment so as to raise the bar of the statute, the indorsement is however sufficient to identify the note with the transactions testified to by Mrs. Hinds and is admissible for that purpose. It is undisputed that the indorsement in question is in the handwriting of the claimant. There is no contention anywhere that any other amount was owing, so that, disregarding the testimony of the claimant, the testimony of his wife is sufficient to show that the payment was made on the 6th day of July, 1918, and made upon the note upon which it was indorsed. The trial court was of the opinion that the evidence was insufficient to establish by a mere preponderance that payment was made by Bert Patterson on the note on July 6, 1918. The testimony of Mrs. Hinds was credible, was uncontradicted, related to the time and place in question, and the note upon which the payment was made was sufficiently identified. There is nothing in the case to contradict, discredit, or throw any doubt upon her testimony. The trial court was therefore in error in disallowing the claim.

It is contended that the issue in this case was not properly raised. The contention is made that the issue should have

been raised upon the allowance of the final account of the administrator because the claim has been paid. If the issue had been so raised it would have been precisely the same as it now is. The matter having been fully litigated, all parties in interest being fully represented, we are of the opinion that the mere form of the issue should be disregarded.

The claim having been paid, upon the rehearing held before the former appeal and upon the trial after reversal of the former judgment, the attorney for the administrator, having due regard for the proprieties, took no part because he felt that the interests of the administrator, the claim having been paid, were as much at stake as the interest of the claimant. We commend the position of counsel in this matter.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to allow the claim against the estate and to grant the administrator credit for the payment already made in his final account.